UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATHENA AG, INC, a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED NUTRIENTS US LLC, a domestic limited liability company,<br><br>Defendant. | Case No. C24-1239RSM<br><br>ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Athena Ag, Inc. ("Athena")'s Motion for Preliminary Injunction. Dkt #12. Defendant Advanced Nutrients US LLC ("Advanced Nutrients") opposes. Dkt. #21. Neither party has requested oral argument. The Court has reviewed the briefing and now rules that Athena's Motion for Preliminary Injunction is GRANTED IN PART as set forth below.

## II. BACKGROUND

This is a trademark infringement and false advertising case. Plaintiff Athena is a Florida corporation that produces fertilizers specifically for use in growing cannabis. Dkt. #13 ("Schneider Decl."), ¶ 3–4. Athena's customers include large, state-licensed commercial

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 1

growers. *Id*. at ¶ 7. Athena's Chief Product Officer will testify that its "Pro" and "Blended" fertilizer lines are "household names in the industry" and that Athena has won industry awards for its fertilizers. *Id*. at ¶ 13–14. Athena has federally registered trademarks including the word mark ATHENA, the word mark CORE, the word mark FADE, and a design mark. *Id*. at ¶ 19. Athena has not licensed any of these marks to Defendant Advanced Nutrients. *Id*. at ¶ 21.

Defendant Advanced Nutrients competes with Athena in the market for cannabis fertilizer. *Id*. at ¶ 24. Athena recently learned that Advanced Nutrients has displayed, and is continuing to display, advertising materials featuring the Athena Marks without permission. *Id*. at ¶ 26. For example, Advanced Nutrients' chief executive, Michael Straumietis, posted a video on Instagram in June of 2024 promoting his products by holding up a paper chart with both Advanced Nutrients' mark and Athena's word mark and design mark visible at the top. *Id*. at ¶¶ 27–30. The gist of the Instagram video and a linked website is that growers who are already using competitors' fertilizers should use Advanced Nutrients' "Big Bud," "Bud Factor X," and "Voodoo Juice Plus Tablets" alongside those competitors' products. *Id*. at ¶ 35.

The video refers to Athena as "one of our competitors" at least twice. *See* Dkt. #22 ("Wang Decl."), Ex. A (transcript of video). The Instagram post for the video included a written message from Mr. Straumietis: "We're not here to gatekeep information; we want the best for you. That's why we created feeding charts to show how to include our products if you're using Athena, Jacks, Front Row Ag., HGV or General Hydroponics…" Dkt. #21 at 5 (citing Dkt. # 1 at ¶ 49).

Advanced Nutrients' website has links to download Athena's feeding charts featuring the Athena word and design marks. Schneider Decl. at ¶¶ 37–39. Above the links it says,

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 2

"[t]hese charts are designed to help you seamlessly integrate our additives into your current feeding regimen…" *Id.*

Athena also presents evidence that Advanced Nutrients has advertised with "Certificates of Analysis" purporting to show testing performed by certain laboratories comparing its products with Athena's products; these Certificates of Analysis have been altered to add the Athena word mark and design mark at the top, which was originally blank space. Dkt. #12 at 11–16 (citing Dkt. #13 and exhibits). Although Athena will be claiming false advertising in this case, it seeks a preliminary injunction only as to trademark infringement. *Id.* at 16.

### III.  LEGAL ANALYSIS

Granting a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). A party can obtain a preliminary injunction by showing that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Id.* at 555 U.S. 20. A preliminary injunction may also be appropriate if a movant raises "serious questions going to the merits" and the "balance of hardships . . . tips sharply towards" it, as long as the second and third *Winter* factors are satisfied. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**A. Likelihood of Success on the Merits**

Athena's registration of its name and design marks gave Athena the exclusive right to use those marks "in commerce on or in connection with the goods or services specified in the

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 3

certificate," in this case, the goods "plant nutrients" and/or "fertilizers." *See* 15 U.S.C. § 1057(b). Athena has presented evidence that Advanced Nutrients is using its marks, without permission, in connection with its attempted sale of plant nutrients and/or fertilizers. Advanced Nutrients essentially agrees, but argues it is doing so legally under the "nominative fair use defense." Dkt. #21 at 2.

Nominative use would be using the Athena name and design mark not to describe Advanced Nutrients' products (the classic form of trademark infringement), but rather to describe Athena's products. "Nominative use becomes nominative fair use when a defendant proves three elements: First, the plaintiff's product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the plaintiff's product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 (9th Cir. 2003) (quoting *New Kids on the Block v. News Am. Publ'g Inc.*, 971 F.2d 302, 308 (9th Cir. 1992)). For example, under this *New Kids* test, "a soft drink competitor would be entitled to compare its product to Coca–Cola or Coke, but would not be entitled to use Coca–Cola's distinctive lettering." *New Kids*, 971 F.2d 308 at n.7.

Athena argues that the use of its marks here goes beyond what is reasonably necessary to compare products and is enough to suggest an endorsement. Dkt. #12 at 18. Athena presents considerable evidence of the number of marks used, arguing that this is more than reasonably necessary to identify its products. *Id*. Athena contends that the intent of Advanced Nutrients' ad campaign must be to "convince consumers that Defendant's products, and

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 4

Defendant's instructions for using them with Athena's, are somehow endorsed or sponsored by Athena." *Id.* at 19.

In response, Advanced Nutrients argues they have taken down the links to Athena's feeding charts and that the Instagram videos are protected by the First Amendment as nominative use. Dkt. #21. Defendant argues that, in the Ninth Circuit, "if the test for finding nominative use is not met, 'the district court may order defendants to modify their use of the mark so that [the test for nominative use] is satisfied; it may not enjoin nominative use of the mark altogether.'" *Id*. at 9 (citing *Toyota Motor Sales, U.S.A., Inc., v. Tabari*, 610 F. 3d 1171, 1176 (9th Cir. 2010)). Instead, Defendant suggests that if the Court finds this to not be nominative use, "the appropriate ask would be for the Court to order modifications of Advanced Nutrients marketing materials, not outright deletion of Athena's name entirely." *Id.*

On Reply, Athena points out that the feeding charts Advanced Nutrients says it has taken down are still viewable in Mr. Straumietis's hands in the Instagram video. Dkt. #26 at 5–6. In any event, Athena cites to *Buckeye Tree Lodge v. Expedia, Inc.*, No. 16-CV-04721-VC, 2020 WL 5372246, at *2 (N.D. Cal. Sept. 9, 2020) for the proposition that the "voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case," and Defendant instead "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id*. at 7.

The Court agrees that a company should be able to discuss a competitor's product under nominative fair use, but finds it problematic for Advanced Nutrients that its Instagram video, still posted online, does not just compare its product with a competitor's—instead, it encourages customers to use the products in tandem. Advanced Nutrients argues that the video contains language akin to comparison—use our product or a competitors'—but it is clear that

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 5

the video also discusses using the products together. Furthermore, the visual of placing the two brand names side by side on a piece of paper could easily create customer confusion about endorsement. This is not a minimal use of Athena's marks.

Taking all of the above into consideration, the Court finds that Athena has sufficiently demonstrated a likelihood of success on the merits so as to warrant a preliminary injunction at this time. Advanced Nutrients' mix of potentially nominative and potentially infringing use of Athena's name and design marks is so potentially confusing as to render it necessary to grant this injunction. Advanced Nutrients will be enjoined from using Athena's design mark in advertising entirely. However, the Court will preserve Advanced Nutrients' ability to use Athena's name in marketing materials that *compare* products when reasonably necessary to identify the Plaintiff's product or service. The existing videos with Athena's design mark must be taken down.

The Court need not address the remainder of Athena's claims for likelihood of success, *e.g.* every detail of Defendants' advertisements, given the above legal reasoning. Such claims can be the subject of future motions or trial.

B. **Irreparable Harm**

Athena argues that Advanced Nutrients' actions threaten its customer relationships, harming its reputation and goodwill. Dkt. #12 at 21–23 (citing Schneider Decl. at ¶¶ 45–50). Athena argues that the ad campaign contains instructions that contradict Athena's recommendations for customers using irrigation systems and that there could be issues with customer support if customers are using both products. Athena cites to *Align Tech, Inc. v. Strauss Diamond Instruments, Inc.*, 2019 WL 1586776 (N.D. Cal. Apr. 12, 2019) as a comparable case.

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 6

In Response, Defendant argues the merits of its nominative use defense and that Athena's harm is speculative. Dkt. #21 at 16.

The Court finds that the alleged harm is sufficiently articulated for a case such as this. It is not necessary for Athena to produce actual evidence of customer confusion at this stage. This factor is satisfied.

### C. Balance of Equities and the Public Interest

Athena argues that "Defendant is free riding on Athena's reputation—endangering Athena's goodwill in the process." Dkt. #12 at 24 (citing *San Diego Detox, LLC v. Detox Center of San Diego LLC*, 2024 WL 3367214, at *29 (S.D. Cal. July 9, 2024). Advanced Nutrients argues that equity favors denial because of "pro-consumer values." Dkt. #21 at 17.

Generally, trademark law "protect[s] the public from confusion by accurately indicating the source of a product," *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 715 (9th Cir. 2005), and "[p]reventing consumer confusion serves the public interest and there is a strong policy in favor of protecting rights to trademarks." *Stark v. Diageo Chateau & Estate Wines Co.*, 907 F. Supp. 2d 1042, 1067 (N.D. Cal. 2012).

The Court does not have the complete picture of this case. Given what has been submitted, the Court finds that the balance of equities and the public interest lean more toward granting this Motion. The narrow relief being granted here does not prevent fair use and allows Advanced Nutrients to continue to compare its product with Athena's.

The Court finds that Athena has made a clear showing that the majority of its requested relief is warranted and the test from *Winter v. NRDC* is satisfied.

//

//

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 7

### D. Rule 65(c) Security

Federal Rule of Civil Procedure 65(c) provides that the Court may grant a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A Court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)

Defendant Advanced Nutrients does not address this issue. The Court finds that bond is unnecessary.

## IV. CONCLUSION

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Preliminary Injunction, Dkt. #12, is GRANTED IN PART.

2. The Court preliminarily enjoins Defendant Advanced Nutrients and its agents from using or displaying in advertising or any publication Athena's Design Marks as listed in Plaintiff's briefing, or from using or displaying in advertising or any publication Athena's word marks including but not limited to the word marks ATHENA, FADE, and CORE, except to compare products and only when reasonably necessary to identify Athena's product.

3. Defendant shall immediately remove any display of Athena's Design Marks from any website, advertising campaign, or any other source connected in any way with Defendant.

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 8

4. Defendant shall immediately disseminate this Preliminary Injunction to all those acting in concert with Defendant, including but not limited to any officer, agent, employee, or representative of Defendant and Defendant's related organizations, and all such officers, agents, employees, or representatives of Defendant and Defendant's related organizations.

5. This Order shall remain in effect until the close of this case, unless otherwise ordered by the Court.

6. Bond is not required at this time.

DATED this 28th day of October, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 9