UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATHENA AG, INC, a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED NUTRIENTS US LLC, a domestic limited liability company,<br><br>Defendant. | Case No. C24-1239RSM<br><br>ORDER RE: MOTIONS FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Athena Ag, Inc. ("Athena")'s Motion for Partial Summary Judgment, Dkt #50, and Defendant Advanced Nutrients US LLC ("Advanced Nutrients")'s Motion for Summary Judgment, Dkt. #56. Neither party has requested oral argument. The Court has reviewed the briefing from both parties and finds that genuine disputes of material fact preclude granting either Motion, except as to the false advertising and constructive trust claims.

## II.  BACKGROUND

Although briefing and certain exhibits have been filed under seal with redacted public versions, the Court finds it to be in the public interest to issue its orders in this case without

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 1

redactions. The Court has determined that the quotes below from briefing can be published. Every effort has been taken to maintain the stated interests of the parties in redacting prior filings, weighed against the interests of the public and the need for the Court to discuss the issues in this case.

This is a trademark infringement and false advertising case. Plaintiff Athena is a Florida corporation that produces fertilizers specifically for use in growing cannabis. Dkt. #13 ("Schneider Decl."), ¶ 3–4. Athena's customers include large, state-licensed commercial growers. *Id*. at ¶ 7. Athena's Chief Product Officer will testify that its "Pro" and "Blended" fertilizer lines are "household names in the industry" and that Athena has won industry awards for its fertilizers. *Id*. at ¶ 13–14. Athena has federally registered trademarks, including the word mark ATHENA, the word mark CORE, the word mark FADE, and a design mark. *Id*. at ¶ 19. Athena has not licensed any of these marks to Defendant Advanced Nutrients. *Id*. at ¶ 21.

Defendant Advanced Nutrients competes with Athena in the market for cannabis fertilizer. *Id*. at ¶ 24. Athena recently learned that Advanced Nutrients has displayed advertising materials featuring the Athena Marks without permission. *Id*. at ¶ 26. For example, Advanced Nutrients' chief executive, Michael Straumietis, posted a video on Instagram in June of 2024 promoting his products by holding up a paper chart with both Advanced Nutrients' mark and Athena's word mark and design mark visible at the top. *Id*. at ¶¶ 27–30. The gist of the Instagram video and a linked website is that growers who are already using competitors' fertilizers should use Advanced Nutrients' "Big Bud," "Bud Factor X," and "Voodoo Juice Plus Tablets" alongside those competitors' products. *Id*. at ¶ 35.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 2

The video refers to Athena as "one of our competitors" at least twice. *See* Dkt. #22 ("Wang Decl."), Ex. A (transcript of video). The Instagram post for the video included a written message from Mr. Straumietis: "We're not here to gatekeep information; we want the best for you. That's why we created feeding charts to show how to include our products if you're using Athena, Jacks, Front Row Ag., HGV or General Hydroponics…" Dkt. #21 at 5 (citing Dkt. # 1 at ¶ 49).

Advanced Nutrients' website has links to download Athena's feeding charts featuring the Athena word and design marks. Schneider Decl. at ¶¶ 37–39. Above the links it says, "[t]hese charts are designed to help you seamlessly integrate our additives into your current feeding regimen…" *Id*.

Athena also presents evidence that Advanced Nutrients has advertised with "Certificates of Analysis" purporting to show testing performed by certain laboratories comparing its products with Athena's products; these Certificates of Analysis have been altered to add the Athena word mark and design mark at the top, which was originally blank space. Dkt. #12 at 11–16 (citing Dkt. #13 and exhibits). These Certificates of Analysis allegedly showed that Advanced Nutrients' product outperformed Athena's. For example, Advanced Nutrients says in advertising that a grower saw a 46.37 percent increase in THC "[a]fter switching" fertilizers. *See* Dkts. #48-4, #13-7 and #13-9. This suggests that Advanced Nutrients' product "outperformed" Athena's. Dkt. #13 at 14.

Subsequent testing requested by Advanced Nutrients after this litigation began found that switching to Advanced Nutrients' product resulted in an increase in THC over Athena's, but on a smaller scale. *See* Dkt. #50 at 18 (citing Dkt. #50-2 ("Keating Dep.") at 65:31-66:9).

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 3

## III.   DISCUSSION

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Advanced Nutrients' Motion

#### 1. Trademark Infringement and Unfair Competition Claims

Advanced Nutrients moves to dismiss these claims by relying on the nominative fair use defense. Nominative use would be using the Athena name and design mark not to describe Advanced Nutrients' products (the classic form of trademark infringement) but rather to describe Athena's products. "Nominative use becomes nominative fair use when a defendant

proves three elements: First, the plaintiff's product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the plaintiff's product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 (9th Cir. 2003) (quoting *New Kids on the Block v. News Am. Publ'g Inc.*, 971 F.2d 302, 308 (9th Cir. 1992)). For example, under this *New Kids* test, "a soft drink competitor would be entitled to compare its product to Coca–Cola or Coke, but would not be entitled to use Coca–Cola's distinctive lettering." *New Kids*, 971 F.2d 308 at n.7.

When a defendant asserts nominative fair use, the plaintiff retains the burden of proving likelihood of confusion, but must use the nominative fair use test. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1182–83 (9th Cir. 2010); *Summit Ent., LLC v. B.B. Dakota, Inc.*, No. CV1004328GAFRZX, 2011 WL 13216987, at *7 (C.D. Cal. Nov. 21, 2011) (applying *Toyota* and analyzing the infringement claim solely under the fair use defense). In other words, Athena has the burden of establishing that Advanced Nutrients' use "was not nominative fair use." *Toyota Motor Sales, U.S.A., Inc.*, 610 F.3d at 1182; *CMRE Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-CV-00298-RAJ-BAT, 2022 WL 16701259, at *5 (W.D. Wash. Oct. 7, 2022), *report and recommendation adopted*, No. 222CV00298RAJBAT, 2022 WL 16699090, at *5 (W.D. Wash. Nov. 3, 2022).

Advanced Nutrients runs through the above factors and argues that its use of Athena's name in the above videos "is as minimal as it gets." Dkt. #56 at 16. Advanced Nutrients states, via attorney argument, that "…it could not be clearer that Advanced Nutrients is engaging in pure commercial speech and encouraging consumers to compare Athena's and Advanced

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 5

Nutrients' products and decide for themselves." *Id*. Advanced Nutrients then turns to the side-by-side logo issue, stating:

> As for the COAs where Advanced Nutrients added its name and Athena's name for clarity, a user would have to click through links supplied on the @BigMike profile to an Advanced Nutrients website, and submit further information to Advanced Nutrients, who would then send the COAs at its discretion. *Id*. ¶ 4, Ex. C; Taylor Decl. ¶ 13. Taken as a whole and within context, Advanced Nutrients' use of Athena's name is both commercially appropriate and reasonable.

*Id*. With respect to the Grow Charts, Advanced Nutrients cites the declaration of its own Director of Media and Marketing to state that "the use of Athena's name and product images was used to educate consumers on how Advanced Nutrients products could be used with the most commonly used base fertilizers in the industry, including Athena." *Id*. at 17 (citing Taylor Decl. at ¶ 5). Finally, Advanced Nutrients argues that no reasonable consumer could believe that there was an endorsement or affiliation. *Id*. at 17–21. Defendant cites to *Architectural Mailboxes, LLC v. Epoch Design, LLC*, 2011 WL 1630809 (S.D. Cal. Apr. 28, 2011) and *H&R Block Eastern Enterprises Inc. v. Intuit, Inc.*, 945 F. Supp. 2d 1033, 1034 (W.D. Mo. 2013) as analogous cases. *Id*.

In Response, Athena argues that Advanced Nutrients ignores *New Kids* and related cases and infringed as a matter of law by portraying Athena's marks, symbols, font, color scheme, etc. in its advertising. *See* Dkt. #72 at 18–19. Athena argues it has evidence of actual customer confusion, citing the deposition testimony of Robert Schneider, Athena's Chief Product Officer, as well as the depositions of Yongjie Chen, an Athena cultivation consultant, and Devan Lindgren, an Athena sales system operations manager. *See id*. at 6–7.

On Reply, Advanced Nutrients moves to strike the evidence of customer confusion, calling it inadmissible hearsay, anonymous, and unreliable. Dkt. #77 at 4–5.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 6

The Court finds that these claims cannot be dismissed on summary judgment via the nominative fair use defense. *New Kids* and its progeny, cited by Athena, are directly on point, and Advanced Nutrients fails to adequately rebut them in briefing. Athena has presented sufficient evidence of a likelihood of customer confusion for purposes of summary judgment. Athena's witnesses can testify as to questions they received and the confusion of customers without violating the hearsay rule. The jury can assess the credibility and weight of this evidence.

Advanced Nutrients also argues, in the alternative, that Athena has no evidence of actual damages "because it does not have the minimally requisite information to calculate damages." Dkt. #56 at 22 (citing *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012) (noting that the standard to support a jury's actual damages award is "substantial evidence to permit the jury to draw reasonable inferences and make a fair and reasonable assessment").

Athena's evidence of actual damages is limited to the testimony of its expert and fact witness, Chief Financial Officer Steve Crea, who apparently relied on his own knowledge of the company rather than specific documents. *See id*. at 21–22.

Athena cites to *Skydive* in its briefing as well. The Ninth Circuit stated that the Lanham Act "demands neither empirical quantification nor expert testimony to support a monetary award of actual damages; many sources can provide the requisite information upon which a reasonable jury may calculate damages." 673 F.3d at 1113. Athena will attempt to track the type of evidence permitted in *Skydive* at trial in this case. *See* Dkt. #72 at 27. Drawing all reasonable inferences in favor of the non-moving party, the Court agrees with Athena that this is legally sufficient and will not dismiss these claims on summary judgment.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 7

### 2. False Advertising Claim

The elements of a Lanham Act § 43(a) false advertising claim are: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its product. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

"To prove that an advertisement claim based on product testing is literally false, a plaintiff must do more than show that the tests supporting the challenged claim are unpersuasive." *Id.* "Rather, the plaintiff must demonstrate that such tests are not sufficiently reliable to permit one to conclude with reasonable certainty that they established the claim made." *Id.* A plaintiff may meet this burden either by attacking the validity of the defendant's tests directly or by showing that the defendant's tests are contradicted or unsupported by other scientific tests. *Id.* Moreover, if the plaintiff can show that the tests, even if reliable, do not establish the proposition asserted by the defendant, the plaintiff has obviously met its burden of demonstrating literal falsity. *Id.* "When evaluating whether an advertising claim is literally false, the claim must always be analyzed in its full context." *Id.*

Advanced Nutrients moves to dismiss because Athena "has no evidence that Advanced Nutrients made any false statements of fact." Dkt. #56 at 23. The main issue appears to be the claim that a Los Angeles cultivator named Cookies Maywood used Plaintiff's and Defendant's fertilizer products to grow cannabis crops under "identical conditions," then tested the crops,

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 8

resulting in "absolute proof" that the crop grown with Defendant's fertilizer showed a "brutal" 46.37 percent increase in THC over then same strain grown with Plaintiff's product. *See* Dkt. #72 at 9. Advanced Nutrients states that "Athena has not produced any documentation reflecting that it has conducted its own testing, nor has Athena attempted to contradict the third parties' results at issue here." Dkt. #56 at 23–24.

Instead, Athena questions whether Advanced Nutrients has any evidence that Athena's fertilizer was actually used, citing a request for admission that Advanced Nutrients refused to answer. Dkt. #72 at 10 (citing Dkt. #48-5 at 5–7). Athena subsequently attacks the evidentiary support for the 46.37 percent claim by pointing to, *e.g.*, hearsay and a handwritten note that said "Athena" as the only proof that Athena's product was actually used in testing. *See id*. at 11–12. It appears from briefing that Athena did not question Cookie Maywood.

The Court agrees with Advanced Nutrients that Athena has conducted no serious investigation into the seemingly too-good-to-be-true "brutal" 46.37 percent claim. Instead, Athena merely pokes holes in Advanced Nutrients' story. Athena does not, for example, challenge the identical growing conditions based on interviews with Cookie Maywood or others who grew the crops. Advanced Nutrients does not have to prove the truth of its claims to defend against a false advertising claim; Athena has the burden of proof for this claim and must make a "sufficient showing" of a false statement to survive summary judgment. *See Celotex, supra*. Athena's strongest point is that the two crops were grown a year apart and that no "sensible person" would compare crops that were grown a year apart because there are too many changed variables. *See* Dkt. #72 at 14. The Court finds this insufficient to show falsity, even under the favorable standards of summary judgment. The advertising at issue says that this increase in THC occurred "*after* switching to Advanced Nutrients;" it is not claimed that

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 9

the testing occurred simultaneously. *See* Dkt. #48-4 (emphasis added). Athena does not otherwise present sufficient evidence of any other false advertising. The fact that Advanced Nutrients conducted a subsequent test of the two fertilizers and got a different percentage increase in THC does not render the first test "false." This claim will be dismissed.[1]

### 3. CPA Claim

To support a claim under Washington's Consumer Protection Act, Plaintiff must show (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) public interest; (4) injury to business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531, 533 (1986). Advanced Nutrients moves to dismiss under the first element, arguing that Athena "has no evidence that any of Advanced Nutrients' actions had the 'capacity to deceive a substantial portion of the public.'" Dkt. #56 at 26. In so arguing, Advanced Nutrients fixates on the facts supporting the now dismissed false advertising claim while ignoring the facts that support the trademark infringement and unfair competition claims. The Court finds that those facts can support a CPA claim as well. That Advanced Nutrients is unlikely to repeat its arguable deceptive actions due to the preliminary injunction in force is not persuasive—that injunction ends when this case ends, and only applies to *this* Plaintiff's marks. The public interest element is met here as well, as the cannabis-growing public is the target for the advertising at issue. Advanced Nutrients' remaining arguments on this claim are best left for trial. The Court is satisfied that this claim can survive summary judgment.

---

[1] Athena also references a "False Tikun Olam Financial Claim" in its Opposition brief. Dkt. #72 at 16. This claim is not analyzed by Athena's counsel in the subsequent discussion section. What Athena does discuss in its facts section is, again, Advanced Nutrients' inability to back up the numbers with concrete proof of their truthfulness. *See id.* Athena focuses on the absence of data and Advanced Nutrients' claimed ignorance. For the same reasons as stated above, the Court finds that Athena has failed to make a sufficient showing that the Tikun Olam Financial Claim was "false."

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 10

### 4. Unjust Enrichment Claim

Under Washington law, a claim for unjust enrichment can be sustained only where (1) a benefit is conferred on one party by the claimant, (2) the defendant receives the benefit knowingly, and (3) the defendant retains the benefit under inequitable circumstances. *Dragt v. Dragt/DeTray, LLC*, 139 Wash. App. 560, 576, 161 P.3d 473 (2007).

Athena argues only that Advanced Nutrients received "Athena's apparent endorsement of the use of Defendant's products." Dkt. #72 at 30. The Court is left to fill in the blanks. The side-by-side placement of Athena's marks alone could give the appearance of endorsement, and there is sufficient evidence that this was done knowingly. Viewing the evidence and drawing inferences in the light most favorable to the non-moving party, it is clear that elements one and two have been met. Advanced nutrients argues that the third element is not met here due to Athena's "unclean hands" for bringing suit "without first notifying Advanced Nutrients of its concerns." Dkt. #56 at 28. This argument is not supported by case law and the Court does not find it particularly convincing for the reasons cited by Athena, namely that such notice is not required by law and does not inform the equitable position of the parties prior to the cause of action accruing. *See* Dkt. #72 at 30. Given all of the above, this claim will not be dismissed on summary judgment.

### 5. Constructive Trust

Advanced Nutrients argues:

> To the extent Athena seeks damages via a constructive trust (Claim V), there is no evidence that Advanced Nutrients closed a single sale as a result of the two Instagram reels at issue, or the related promotional and educational materials. Advanced Nutrients' presence on social media is wide-ranging and broad, averaging between five to ten social media posts per week -- the "campaigns" at issue in this case were a commercial dud, resulting in no revenue, let alone any profits to Advanced Nutrients. Declaration

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 11

> of Isaiah Taylor ("Taylor Decl. II") ¶¶ 2, 4. The campaigns did not bring in new customers or achieve any known sales for Advanced Nutrients, and Advanced Nutrients is unaware of any new or increased business obtained because of the Make Your Bases Better or Total Cost of Ownership promotions. Id. ¶ 4.

Dkt. #56 at 27–28.

Athena fails to respond to any of these factual points. The Court finds that Athena has failed to present essential elements to support any kind of claim for a constructive trust of Advanced Nutrients profits from this ad campaign. This claim cannot proceed to trial.

### C. Athena AG's Motion

#### 1. Trademark Infringement

Athena argues that under the "Coca-Cola Rule" found in *New Kids*, *supra*, "Defendant's use of Athena's design mark and distinctive lettering in both campaigns was plainly infringing." Dkt. #50 at 3. This resulted in actual customer confusion. *Id*. Athena relies on the Court's Preliminary Injunction Order.

The problem with these arguments is that they rely on case law assessing the reasonableness of Defendant's actions and the likelihood of customer confusion without citing to cases that are directly analogous to what happened here. There are also genuine disputes of material fact. For example, the parties dispute the credibility of the customer confusion evidence. Jurors can judge for themselves whether the evidence is sufficient or if witnesses are credible. Accordingly, this claim cannot be granted on summary judgment.

#### 2. False Advertising

Athena's Motion repeats the same arguments as its Opposition to Advanced Nutrients' Motion on this claim. This claim will be dismissed on summary judgment.

Given all of the above, this Motion will be denied in its entirety.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 12

## IV. CONCLUSION

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS:

1. Athena's Motion for Summary Judgment, Dkt. #50, is DENIED.
2. Advanced Nutrients' Motion for Summary Judgment, Dkt. #56, is GRANTED IN PART and DENIED IN PART.  Athena's claims for False Advertising and Constructive Trust are DISMISSED.  All other claims will proceed to trial.

DATED this 17th day of September, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE